**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Raquel SALAZAR Salazar, aka Don
Alberto, aka Don Roberto,
Defendant—Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Jesus Martin Reyes–Mojardin,
Defendant—Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Miguel Gaytan–Perez, Defendant—
Appellant.**

Nos. 02–10145, 02–10185, 02–10391.
D.C. No. CR–00–00184–HG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2003.

Decided May 14, 2003.

Before GOODWIN, RYMER, and T.G.
NELSON, Circuit Judges.

MEMORANDUM *

Defendants Raquel Salazar–Salazar, Je-
sus Mojardin, and Miguel Gaytan–Perez
raise seven distinct issues on appeal. Al-
though we consolidated the appeals for the

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts

purpose of oral argument, we now consider
each appeal separately.

**I.   Raquel Salazar–Salazar**

Salazar–Salazar assigns error to the ad-
mission of his 1985 conviction for conspira-
cy. The court did not abuse its discretion
when it admitted a 'sanitized' version of
the conviction under Federal Rule of Evi-
dence 609(b). Nor did the district court
abuse its discretion by admitting an out-of-
court statement made by Mojardin to a
government agent. Salazar's counsel
"opened the door" to the entire statement
by referencing particular portions of it
during cross examination. Finally, Sala-
zar–Salazar assigns error to the denial of
his motion to transfer venue. Again, the
court did not abuse its discretion. We
affirm the judgment.

**II.   Jesus Mojardin**

During Mojardin's sentencing hearing,
the district court ruled that he was ineligi-
ble for a "safety valve" reduction pursuant
to U.S.S.G. § 5C1.2. Under any quantum
of evidence standard, the evidence proved
that Mojardin carried a firearm in connec-
tion with the underlying offense. Mojar-
din also assigns error to the district court's
ruling that he was ineligible for a sentence
reduction under U.S.S.G. § 3B1.2 because
his role in the underlying conspiracy was
not "minor." The evidence that he was an
enforcer-collector for the conspiracy justi-
fied the trial court's ruling. We affirm
Mojardin's conviction and sentence as cal-
culated by the district court.

**III.   Miguel Gaytan–Perez**

Gaytan–Perez assigns error to the dis-
trict court's denial of his motion to with-
draw his guilty plea. Because the court
sufficiently established that Gaytan–Perez

---

of this circuit except as provided by Ninth
Circuit Rule 36–3.

knowingly and voluntarily entered his guilty plea, it did not abuse its discretion by denying his subsequent withdrawal motion. We decline to consider Gaytan–Perez's argument that the Government breached its plea agreement by failing to seek cooperation from him. Defense counsel failed to raise this issue during the sentencing hearing, and therefore has waived it. We affirm Gaytan–Perez's conviction and sentence as calculated by the district court.

**AFFIRMED.**